IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EPSON AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHENZHEN SEN RUI TAI TRADING CO., LTD d/b/a Dr. J <br><br> Defendant. | Civil Action No. 1:24-cv-10562-LTS |

**PLAINTIFF'S MOTION FOR DAMAGES
IN SUPPORT OF ITS GRANTED MOTION FOR DEFAULT**

Pursuant to the Court's Judgment entered on September 9, 2024, Plaintiff Epson America, Inc. ("Plaintiff" or "Epson") hereby submits this Motion in Support of its Granted Motion for Default as to Defendant Shenzhen Sen Rui Tai Trading Co., Ltd., d/b/a Dr. J ("Defendant") for damages. In support of this request, Epson incorporates its granted Motion for Default (ECF 12) and states as follows:

**I.      INTRODUCTION & PROCEDURAL HISTORY**

This is a false advertising and unfair competition lawsuit involving Epson's efforts to protect itself and consumers from Defendant's illegal and nefarious activities. As explained in great detail within Epson's pleadings, Defendant advertises and sells its products on the Internet via third-party marketplaces, including but not limited to, Walmart.com and Amazon.com (hereinafter, the "Websites"). On the Websites, Defendant falsely advertises its projectors by misrepresenting and purposefully and deceptively inflating the brightness specifications of its projectors Mini Projector. Brightness is the top specification a consumer considers when

purchasing a projector. Epson itself tested the brightness of several of Defendant's projectors, and each tested significantly below Defendant's advertised brightness value. In fact, Epson's testing showed a value of ***less than 2% of the claimed lumens*** in each of the projectors. Epson filed its Complaint on March 6, 2024 (ECF No. 1). On March 12 2024, true and accurate copies of the Complaint and Summons were served upon Defendant, as indicated by the Affidavit of Service filed with the Court. *See* ECF No. 7. Defendant was required to file a response to Epson's Complaint on or before April 2, 2024. Defendant did not answer or otherwise move with respect to the Complaint, and the time for Defendant to answer or otherwise move with respect to the Complaint expired. Given Defendant's failure to appear in the case, the Clerk of the Court properly entered a Default on August 20, 2024. *See* ECF No. 9. Thereafter, Epson filed its Motion for Default Judgment and Permanent Injunctive Relief (the "Motion for Default") (ECF No. 12). On September 9, 2024, the Court entered Judgment and granted Epson's Motion for Default. ECF No. 14.

Pursuant to 15 U.S.C. § 1117, Epson is entitled to recover from Defendant the gains, profits, and advantages that it has obtained as a result of its unlawful acts. Given the default, Epson was not able to conduct discovery to determine Defendant's sales volume and ultimately Defendant's profits. As such, the Court granted Epson's request to conduct post-judgment discovery via subpoena to determine the scope of Defendant's sales and actual damages. *See* ECF No. 13.

## II.  **EPSON IS ENTITLED TO DAMAGES FOR DEFENDANT'S UNLAWFUL ACTS**

Pursuant to 15 U.S.C. § 1117, Epson is entitled to recover from Defendant the gains, profits, and advantages that it has obtained as a result of its unlawful acts. A violation under section 1125(a) entitles a plaintiff to recover (1) defendant's profits, (2) any damages sustained by

the plaintiff, and (3) the costs of the action. 15 U.S.C. § 1117(a). In assessing profits to be awarded, plaintiff need only prove defendant's total sales; it is a defendant's burden to prove all elements of cost or deduction. "This allocation of burdens arises from the language of the Lanham Act itself: 'In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed.' 15 U.S.C. § 1117(a)." *Venture Tape Corp. v. McGills Glass Warehouse*, 540 F. 3d 56, 64 (1st Cir. 2008) ("Here, Venture met its burden by introducing tax returns showing Venture's gross sales over the relevant time period. McGills then had the burden of producing evidentiary documentation that some of those sales were unrelated to and unaided by McGills' illicit use of Venture's marks. The company produced no such evidence."). It is a black letter law that in Lanham Act cases:

> "If the infringer provides no evidence from which the court can determine the amount of any cost deductions, there is no obligation to make an estimate, and `costs' need not form any part of the calculation of profits. The infringer's burden of proving deductible costs is not carried by records showing only a vague, undifferentiated category of `overhead' or `checks written.' When the burden is not carried, plaintiff is awarded all revenue for that year."

McCarthy on Trademarks and Unfair Competition § 30:66 (4th ed.) (footnotes 15 omitted).

The case of *Epson Am., Inc. v. Century21 Elecs.*, No. 216CV06877SVWFFM, 2017 WL 8159961 (C.D. Cal. June 22, 2017) is instructive.[1] There, like here, a defendant defaulted in a Lanham Act case and Epson was forced to conduct post-default judgment discovery via a subpoena to Amazon.com. *Id.* at *2. In awarding Epson the total revenue, the Court explained

> "Here, the Defendant decided not to defend the case; therefore, the Defendant cannot present evidence of any offsetting costs. Since it is the Defendant's burden to prove its costs and expenses related to its sale of the infringing product, the Defendant is not entitled to offset the Plaintiff's showing of gross revenues because it has failed to produce any evidence whatsoever of any costs or deductions. As a result, the Plaintiff is entitled to the Defendant's frill revenues of $3,281,562.11 as a measure of the Plaintiff's damages resulting from the Defendant's trademark infringement."

---

[1] A copy of this caselaw is attached hereto as Exhibit B for the convenience of the Court.

*Id.* at *3.

As acknowledged by this Court's Judgment, there is no doubt that Epson is entitled to Defendant's profits. *See* ECF No. 14; *see also* 15 U.S.C. § 1117(a). Epson need only prove Defendant's sales. Pursuant to the Court's Judgment, Epson conducted post-judgment discovery and served Walmart.com with a subpoena requesting Defendant's sales information. Walmart.com responded to the subpoena and provided an excel spreadsheet of Defendant's sales. Aff. Nickerson ¶ 13. According to Walmart.com, Defendant sold approximately 25,168 Mini Projectors between December 13, 2021 and February 3, 2025. *Id.* ¶ 14; Exhibit A. Defendant's total sales for the projectors was **$587,536.00**    *Id.* ¶ 15. There is nothing speculative about this information. *See Astro–Med, Inc. v. Nihon Kohden Am., Inc.,* 591 F.3d 1, 19 (1st Cir.2009) (citing *Nestle Food Co. v. Miller,* 836 F.Supp. 69, 78 (D.R.I.1993), for the "enduring rule that damages must be established by a reasonable certainty and may not be recovered if purely speculative"). The evidence clearly establishes Defendant's sales were **$587,536.00**. Epson is therefore entitled to all of Defendant's profits from the sale of its Mini Movie Portable projector.

**I.**      **CONCLUSION**

WHEREFORE, pursuant to 15 U.S.C. § 1117(a), Epson is entitled to **$587,536.00** in actual damages, which represents Defendant's sales that it obtained from as a result of its unlawful acts via Walmart.com. A proposed order is submitted herewith for the Court's consideration.

*[Signature page follows]*

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | Plaintiff<br>Epson America, Inc.,<br>by its attorney, |
|  | */s/ Morgan T. Nickerson*<br>Morgan T. Nickerson (BBO# 667290)<br>morgan.nickerson@klgates.com<br>**K&L GATES LLP**<br>One Congress Street, Suite 2900<br>Boston, MA 02114<br>(617) 261-3100 |
| Dated: February 21, 2025 | (617) 261-3175 |